## DRESSER *v.* EDISON ILLUMINATING Co.

*(Circuit Court, D. Rhode Island.* February 12, 1892.)

1. **JURISDICTION OF FEDERAL COURTS—CITIZENSHIP—RESIDENCE.**
   Where the parents of a minor remove from the state of her birth when she is 10 years old, her citizenship follows theirs, although for nearly 10 years longer she remains in the original state, completing her education, and spends but part of each year at the new home of her parents.

2. **SAME.**
   One who depends entirely upon her grandparents for support, and makes her permanent home with them at the place of her former residence, continues to be a resident of that place, though in company with her grandmother she spends about half of each year in a different state, living in different rented houses, and has the *bona fide* intention of becoming a resident of the latter state.

At Law. Action by Susan L. R. Dresser against the Edison Illuminating Company. Heard on motion to dismiss for want of jurisdiction. Granted.

*Wm. G. Roelker,* for plaintiff.

*Saml. R. Honey* and *Arnold Green,* for defendant.

COLT, Circuit Judge. The defendant moves to dismiss this suit for want of jurisdiction, upon the ground that the plaintiff, at the time of bringing the suit, was a citizen of the state of Rhode Island, and not a citizen of the state of New York, as alleged in her writ. It appears from the affidavits that the plaintiff is the daughter of George W. Dresser, and that she was born in the city of New York in 1864, where her parents then lived. Subsequently, Mr. Dresser moved to Newport, R. I., and he became a resident of that city as early as 1875. This appears from the following facts: He began paying personal property taxes in Newport in that year; he registered in Newport as a voter in 1873; he was on the voting lists of that city from 1878 to 1881, and voted there in 1880; he died in Newport in 1883, and was buried there. Mrs. Dresser, the plaintiff's mother, died in Newport a short time before her husband, and was buried there. The plaintiff remained at school in New York after her father changed his residence to Newport, and down to about the time of her father's death, in 1883, spending only a portion of each year in Newport. This circumstance, taken in connection with the fact of her birth in New York, is urged to support the position that she still remained a resident of New York. When Mr. Dresser established his residence in Newport, the plaintiff was a minor, about 10 years of age. Her place of residence, therefore, would naturally follow that of her parents, and would be in the place where the family home was located. Although the plaintiff continued her education in New York, and passed only a part of each year in Newport, she became legally a resident of Newport when her parents became residents of that city, and made it their permanent domicile and place of family abode. I have no doubt, therefore, that Newport was the legal residence of the plaintiff on the death of her father in 1883, she being then 19 years of age. Upon the death of their parents, the Dresser children,

v.49F.no.4—17

comprising the plaintiff, her three younger sisters, and a brother, went to live with their grandfather, Daniel Le Roy, at his residence No. 206 Bellevue avenue, Newport, and, with the exception of the brother, these children have continued to make this their home down to the present time. The grandfather, Daniel Le Roy, died in 1885, and since then they have lived with their grandmother, Mrs. Le Roy. The plaintiff derives her entire support from her grandmother. While the plaintiff's permanent home has been at the Le Roy house in Newport since her father's death, she has not in fact resided there continuously, for it appears that she was absent portions of each year prior to 1888, visiting relatives or friends in New York, Boston, and other places, and that since 1888 Mrs. Le Roy and herself have spent about half of each year in New York in several different rented houses. During the spring, however, the family have always returned to their residence in Newport. I do not think these absences from Newport effected a change of residence on the part of the plaintiff, because they were only temporary; her permanent residence continuing to be Newport.

Daniel Le Roy, the plaintiff's grandfather, was a resident of New York down to 1882, and it is claimed that he was still a resident of New York when he died at Newport, in 1885. Stress is laid by the plaintiff upon this circumstance, in connection with the testimony of Mrs. Le Roy, who says that her husband never intended to change his residence to Newport, and that she always considered herself a resident of New York. Whether the plaintiff's grandfather, Daniel Le Roy, at the time of his death in 1885 was a resident of Newport or of New York, it is not necessary for us to determine, but, as bearing upon this point, and upon the general question of the residence of the Le Roy and Dresser families at the present time, it is important to note certain facts brought out in the affidavits: Mr. Le Roy gave up his residence on Twenty-Third street, New York, in 1883, owing to the encroachments of business, and moved with his family to Newport. He died in Newport, and his will was probated there. One of his daughters, Mrs. Dresser, the plaintiff's mother, lived in Newport at the time of her death, in 1883, and was buried there. Another daughter, the widow of Edward King, has lived in Newport for many years. A son, Stuyvesant Le Roy, has for a long time been a resident of Newport, and votes in that city. His widow, Mrs. Le Roy, has lived in the same house in Newport since the death of her husband in 1885, and it has been her only permanent residence, and the Dresser children, except the son, have lived with her, and have made her house their home. Residence does not depend upon intent alone, but such intent must be accompanied by acts showing what the fact really is. A person may actually reside in one place, but intend to reside in another, but such intention is not sufficient to create a change of residence. So, too, a person may have been born and have resided in a certain place, and may have removed temporarily to another place, intending to return to the former place; but, if the latter place becomes in fact his fixed abode, the mere intention to return will not keep alive the residence in the former place.

I do not doubt the good faith of the plaintiff in alleging herself to be a citizen of New York, nor of her intention to become a resident of that state, but upon the facts as presented, I feel bound to hold that she became a resident of Newport, R. I, about the year 1875, and that she has continued to remain a resident of that city. Suppose the defendant in this case had been a citizen of New York, instead of Rhode Island, and the alleged wrong complained of had happened in New York, and the plaintiff had brought suit in the federal court there, would the defendant have been entitled to have the cause dismissed, upon the papers submitted in this case, on the ground that the plaintiff was in fact a citizen of New York?

The motion to dismiss for want of jurisdiction is granted.